KRISTEN CLARKE
Assistant Attorney General
KAREN WOODARD
Chief
VALERIE L. MEYER
Deputy Chief
ALICIA JOHNSON (DCRN 494032)
Senior Trial Attorney
SHARION SCOTT (DCRN 1617438)
Trial Attorney
U.S. Department of Justice
Civil Rights Division
Employment Litigation Section
150 M Street, N.E., 9th Floor
Washington, DC 20530
Telephone: (202) 532-5872
Facsimile: (202) 514-1005
Alicia.Johnson@usdoj.gov
Sharion.Scott@usdoj.gov

PHILLIP A. TALBERT
United States Attorney
ROBERT FUENTES
Assistant United States Attorney
Eastern District of California
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Tel: (559) 497-4000
Robert.Fuentes@usdoj.gov

Attorneys for Applicant United States of America

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

UNITED STATES OF AMERICA,

Applicant,

vs.

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION

Defendant.

Case No: 2:24-cv-00925-DJC-DB

**RESPONSE TO DEFENDANT'S OBJECTIONS TO THE UNITED STATES' EXPERTS**

Date: June 6, 2024
Time: 1:30 PM
Courtroom: 10
Judge: Daniel J. Calabretta

Pursuant to the Court's Minute Order dated May 24, 2024, ECF No. 22, Applicant United States responds to Defendant California Department of Corrections and Rehabilitation's ("CDCR") Objections to and request to exclude the expert declarations of Dennis Treadway and Jillian Shane. This Court should overrule CDCR's Objections for four reasons. First, the expert declarations are not "new evidence" – Treadway and Shane addressed accommodation options already presented in the United States' Application and expounded upon them in response to information CDCR provided in its Opposition. Second, it is entirely appropriate for the Court to consider the expert declarations during preliminary relief proceedings because the Federal Rules of Evidence do not strictly apply to such proceedings. Third, the evidentiary weight this Court gives to the declarations must account for the purposes for which they are offered: to show that there remain possible accommodations that are sufficiently viable that CDCR must fully assess before establishing undue hardship, a point that does not require perfect knowledge of CDCR's operations or medical expertise and on which the United States' experts are qualified to opine. To promote efficiency in the Court's review, the United States responds to CDCR's general objections here, and responds to each of CDCR's 23 objections to specific expert statements in the attached appendix, which is hereby incorporated in this response.

Finally, even if the Court were to find that the declarations are new evidence or that they raise evidentiary concerns, the appropriate remedy is not exclusion of the declarations, but an opportunity for CDCR to respond. The Court has already granted that opportunity to CDCR through both a reply in support of its objections and a sur-reply in opposition to the Application for Preliminary Relief. Additionally, CDCR had the opportunity to consider and address this evidence in preparing its May 28, 2024 Answer. Therefore, exclusion of the Treadway and Shane testimony is not an appropriate remedy.

# ARGUMENT

## I. The United States' Reply Did Not Introduce New Arguments or New Evidence.

The United States' Reply and its exhibits respond directly to the information CDCR included in its 25-page opposition brief, sixteen declarations, and 500-plus pages of corresponding exhibits. ECF No. 17 through 17-16. The United States made no new arguments and proposed no new accommodation options. The added detail and specificity provided by the United States' experts about previously identified potential accommodations was made possible by and relied on CDCR's Opposition evidence. Evidence submitted with a reply "is not new if it is submitted in direct response to proof adduced in opposition to a motion." *Meinnert v. Holley*, No. 320-CV-00255, 2022 WL 16527724, at *4 (D. Nev. Oct. 28, 2022) (cleaned up); *see also Terrell v. Contra Costa County*, 232 F. App'x 626, 629 n.2 (9th Cir. Apr. 16, 2007) (reply brief addressing same facts supplied in opposition but "providing full context" was not "new" evidence).

### A. The United States' Reply Merely Expounds on Arguments and Accommodations Referenced in its Initial Application.

The Treadway and Shane declarations apply corrections expertise to the arguments and evidence contained in CDCR's opposition to elaborate on accommodation options raised by the United States in its Application (ECF No. 8 at 6) and supporting Memorandum.(ECF No.8-1 at 1). None of the experts' ideas were outside the realm of accommodations already proposed as part of the preliminary relief.

The United States' Application stated that potential accommodations CDCR must consider include "(1) how [CDCR] can *tailor its approach to staffing, incident response, and RPPs to require respirators only for positions where there are actual risks of exposure* to toxins or disease; (2) whether it can provide *scheduling or assignment accommodations* to avoid placing officers such as the CPs in roles that require a tight-fitting respirator; and (3) whether various PAPRs could serve as an *alternative source of respiratory protection* in worksite hazard situations." Pl.'s Mem. Supp. Appl. 1, ECF No. 8-1 (emphasis added); *see also* Pl.'s Appl. 6, ECF No. 8 (generally identifying alternative respirators, tailoring staffing

practices, and transfers). Elsewhere, the Memorandum supporting the Application further detailed possible staffing alternatives when it described that "[a]t least one CDCR facility has a process for assembling use of force teams" and "[t]his demonstrates that CDCR could assign officers to specific roles on response teams, exempting officers with a religious accommodation from roles that require tight-fitting respirators or from the team altogether." ECF No. 8-1 at 19. Similarly, the United States' Memorandum presented staffing alternatives that permit some COs to be relieved of inmate contact or incident response duties requiring respirators: "There are also positions at some facilities where officers cannot leave their post to respond to situations where contaminants are used; these may be officers assigned to a light duty position or those who are required to stay at their posting at all times (e.g., control booth or weapons center)." *Id.* at 18. Thus, the Court should reject CDCR's assertion that use of force teams that eliminate the need for every CO to respond to disturbances, or staffing alternatives that don't require every CO to hold the same responsibilities, are "new" accommodation proposals. Every option explained by the experts in light of additional information made available by CDCR's Opposition can be traced back to a proposed staffing approach or respiratory protection option the United States raised in its Application or supporting Memorandum and exhibits.

**B. The United States' Reply, Including the Expert Declarations, Responds Directly to Information CDCR Provided in its Opposition.**

CDCR submitted many materials with its opposition briefing, including sixteen declarations and several hundred pages of exhibits, and it is appropriate for the United States to address those arguments and evidence in its Reply. *Dubinsky v. Liberty Surplus Ins. Corp.*, No. CV-08-06744, 2010 WL 11506086, at *5, n.44 (C.D. Cal. June 15, 2010) ("Evidence submitted in support of a reply brief is proper if it rebuts arguments or exhibits proffered in opposition to the motion.") (internal citation omitted). Both Treadway and Shane considered and relied on CDCR's Opposition evidence to elaborate with specificity on the potential staffing alternatives and alternate respirator options the United States had already broadly identified. For example, Gina Savala's declaration reported on CDCR's experiences during the

COVID-19 pandemic, its agreement with Cal/OSHA, and the creation of its Model ATD EC plan. ECF No. 17-4. Todd Manes's declaration described how some CDCR locations staff their facilities and respond to disturbances. ECF No. 17-14. And Tristan Lemon's declaration explained how CDCR applies its safety protocols and manages staff to ensure coverage around facilities. ECF No. 17-15.

Treadway and Shane each respond directly to this and other Opposition evidence in their declarations. Treadway Decl. ¶¶ 9, 15, 23, 35, 39, ECF No. 20-1; Shane Decl. ¶¶ 10, 12, 15, ECF No. 20-2. They also cite evidence of record that the United States referenced in its Application — such as the Department Operations Manual ("DOM") — not as new or additional evidence but for further explanation of newly introduced Opposition evidence. CDCR appears to argue that the experts were required to explicitly cite *more* Opposition evidence in their declarations and *abstain* altogether from citing any preexisting evidence. CDCR is wrong on both counts. Both expert declarations attest that they based their opinions on pleadings filed by CDCR. Treadway Decl. ¶ 6; Shane Decl. ¶ 5. The fact that the Opposition evidence was used alongside preexisting evidence to allow for a better understanding and place CDCR's overall operations in their appropriate context, and to offer more detail about potential accommodations, does not change or diminish the extent to which the expert declarations responded to the Opposition. *See, e.g.*, *Dubinsky*, 2010 WL 11506086, at *5, n. 44 (C.D. Cal. June 15, 2010).

And contrary to CDCR's assertion that the United States withheld available expert testimony, the United States contacted and retained Treadway and Shane only after CDCR filed its Opposition because the Opposition's newly introduced information allowed the United States through Treadway and Shane to elaborate with specificity on the United States' previously identified general staffing alternatives and alternate respirators accommodations.

## II. Treadway's and Shane's Expert Opinions Are Admissible.

This Court can consider the opinions of the United States' experts at the preliminary relief stage and CDCR's arguments relying on the Federal Rules of Evidence to exclude this evidence are wrong. "The Federal Rules of Evidence do not strictly apply to preliminary

injunction proceedings." *E.W. Bank v. Shanker*, No. 20-CV-07364, 2021 WL 3112452, at *6 (N.D. Cal. July 22, 2021) (cleaned up). Yet CDCR challenges the Treadway and Shane Declarations, in whole and in part,[1] as lacking foundation and reliability under Federal Rules of Evidence 104 and 702. Given the preliminary relief setting here, the Court should overrule these objections and consider both declarations in full. Courts have routinely overruled evidentiary objections at the preliminary injunction stage as such issues "properly go to weight rather than admissibility." *Id.*; *Henson v. McKinley Trailer Vill.*, No. 2:21-CV-02189, 2022 WL 515691, at *3 (E.D. Cal. Jan. 12, 2022); *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) ("a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits"); *Johnson v. Couturier*, 572 F.3d 1067, 1083 (9th Cir. 2009) ("A district court may, however, consider hearsay in deciding whether to issue a preliminary injunction" (citing *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1363 (9th Cir. 1988) (en banc)); *Signal Hill Serv., Inc. v. Macquarie Bank Ltd.*, No. CV-11-01539, 2011 WL 13220305, at *7, n.74 (C.D. Cal. June 29, 2011) (authentication objection to document considered by expert overruled and preliminary injunction granted); *Libertarian Party of Arkansas v. Thurston*, 394 F. Supp. 3d 882, 890 (E.D. Ark. 2019), *aff'd*, 962 F.3d 390 (8th Cir. 2020) (overruling motion to exclude expert affidavit under FRE 104 and 702 submitted in support of motion for preliminary injunction as court could weigh affidavit as it deemed appropriate).

Here, CDCR's formal objections to the admissibility of the Treadway and Shane Declarations should likewise be overruled, and alleged limitations in foundation or reliability can be addressed through the evidentiary weight these expert opinions are afforded.

---

[1] The United States' response to each of CDCR's 23 objections to specific statements are outlined in the attached appendix. The appendix identifies each challenged expert declaration paragraph, provides a verbatim recitation of CDCR's objection to the expert statement, and sets forth the United States' facts and argument responding to CDCR's objection.

**III. The Treadway and Shane Declarations Have Adequate Foundation and Reliability For the Purpose for Which They Are Offered.**

In determining the admissibility and evidentiary weight of an expert opinion, courts look to several interwoven factors: whether the witness's expertise will help the trier of fact understand the evidence or determine a fact in issue, whether the testimony is based on sufficient facts, and whether the testimony uses reliable principles and reliably applies those principles to the facts at issue. Fed. R. Evid. 702. The nature of the questions presented – and thus the purposes for which the testimony is offered – should be considered when deciding whether the opinion has adequate foundation and reliability. *Cascadia Wildlands v. Scott Timber Co*., 618 F. Supp. 3d 1038, 1050-51 (D. Or. 2022) (expert who has worked extensively in a field may reliably opine or testify, "even if his testimony on key issues was based on his mere review and interpretation of . . . literature, not on any direct field experience, expertise, or qualifications studying" the entire universe of facts, policies or practices in a specific setting).

Here, the United States seeks to demonstrate that CDCR has not adequately assessed accommodation options as required to meet its undue hardship obligations under Title VII. CDCR's ability to show undue hardship for all potential accommodations goes to whether the United States has shown the requisite likelihood of success on the merits to warrant preliminary relief. The United States need not prove, nor has it ever taken the position, that any particular potential accommodation must be implemented by CDCR. Thus, the Treadway and Shane Declarations are not offered to prove that a particular accommodation should be implemented, but to show that many accommodations are sufficiently viable to require CDCR to assess them fully. As is discussed further below, Treadway and Shane have extensive knowledge and expertise based on their years of experience working in the corrections field. This knowledge need not be perfect as to CDCR, its operations, Cal/OSHA requirements, or even medical expertise to provide information that will help the Court determine whether to provide preliminary relief. *See United States v. Vallejo*, 237 F.3d 1008, 1019 (9th Cir. 2001) ("[E]xpert testimony must . . . address an issue beyond the common knowledge of the average layman[.]"), amended by 246 F.3d 1150 (9th Cir. 2001).

**A. Complete Knowledge of CDCR's Operations And Medical Expertise Is Not A Foundational Prerequisite.**

CDCR's flawed understanding of the nature of this preliminary relief action and the United States' evidentiary burden to obtain preliminary relief is apparent in the foundation challenges it raises. It argues that the United States' experts lack foundation because they do not claim to know the entire universe of facts specific to the operations and staffing of CDCR's thirty institutions. The universe is large and includes, every requirement of the State civil service system, history of outbreaks of aerosol transmissible disease ("ATDs"), the vaguely-stated "conditions that exist during CPs' use of respirators," the specifics of CDCR's "inmate operations in light of other federal-court mandated inmate protections," the rights of other employees under the applicable collective bargaining agreement, whether any of the Charging Parties would have the seniority to be assigned to no inmate contact posts, "staffing requirements and current budget limitations," the "health and safety needs of inmates and other COs and staff," staffing levels of CDCR prisons, use of mandatory overtime, and the availability of open peace officer positions for potential transfers. Def.'s Objs. 9, 10, 12-13, 15, 18-19, 22, ECF No. 21. But Treadway and Shane need not have all of this information to identify potential options that their corrections expertise and the practices and policies CDCR cited in its Opposition suggest are feasible. The experts can opine on possibilities based on the briefing available to them and their years of working in corrections.

Moreover, CDCR's mere identification of additional information that Treadway and Shane could consider does not render the information evaluated and the application of their extensive knowledge and experience insufficient. *Norsworthy v. Beard*, 87 F. Supp. 3d 1164, 1183 (N.D. Cal. 2015), *appeal dismissed and remanded,* 802 F.3d 1090 (9th Cir. 2015) ("extensive and specialized experience" of expert sufficient basis for consideration of expert in preliminary injunction matter). CDCR can simply make its arguments about the weight of the experts' proffered testimony, as it has already done in its objections and will have the opportunity to do in the objections reply ordered by this Court.

**B. Experience Working for CDCR is Not a Reliability Prerequisite.**

CDCR objects to the Treadway and Shane Declarations because the United States' experts do not have day-to-day knowledge of CDCR institutions and therefore their opinions are allegedly unreliable. This is not the standard the Court should apply to the use of expert opinions. CDCR ignores the experts' extensive corrections experience, their comprehensive review of the pleadings filed here, CDCR's Operations Manual (2024), and the Cal/OSHA regulations tit. 8, §§ 5144, 5199, all of which informed their opinions. *See* Treadway Decl. Ex. 62; Shane Decl. Ex. 63; Treadway Decl. ¶ 6; Shane Decl. ¶ 5. FRE 703 permits experts Treadway and Shane to base their "opinion[s] on facts or data in the case that the expert has been made aware of . . . " and not merely personal knowledge. Fed. R. Evid. 703. CDCR's reliance on *Sanderson v. Wyoming Highway Patrol* is misplaced. That case did not involve a preliminary injunction and the court did not address the applicable expert reliability standard in that context. Instead, the court deemed expert testimony inadmissible at summary judgment because it fell within the common knowledge of a factfinder and the expert "did not explain how her experience led to her conclusions." 976 F.3d 1164, 1172-73.

By contrast, both Treadway and Shane apply their specialized knowledge and experience to address issues beyond the common knowledge of the average layperson, *Vallejo*, 237 F.3d at 1019-20, namely, the possible staffing and operational options implemented in other correctional facilities around the country that are available to CDCR to consider in assessing the availability of alternative accommodations for the Charging Parties. Both are seasoned corrections professionals who reasonably relied on the facts presented in the Parties' pleadings and their respective specialized knowledge, skills, experience, and training as corrections officers and corrections supervisors (responsible for daily operations of custody staff and inmate and staff safety and security) to form the opinions expressed in their declarations. Each expert also explained in great detail how their corrections experience led to their conclusions. Treadway Decl. ¶¶ 8, 11, 16-19, 20, 23, 26, 30, 32, 41-42, 44; Shane Decl. ¶¶ 11, 19-20.

The rules of evidence impose no requirement of personal knowledge for expert testimony. An expert may appropriately apply principles discerned through their review of documents to the facts presented in a particular case, as Treadway and Shane did here. *Cascadia Wildlands*, 618 F. Supp. 3d at 1050-51 (expert who has worked extensively in a field may reliably opine or testify, "even if his testimony on key issues was based on his mere review and interpretation of . . . literature, not on any direct field experience, expertise, or qualifications studying" the entire universe of facts, policies or practices in a specific setting). At the preliminary relief stage, neither lack of "actual experience with CDCR operations," nor "failure to address [the operational] limitations," that allegedly make it impossible for CDCR to accommodate the Charging Parties, Def.'s Objs. 24-25, render Treadway's and Shane's opinions unreliable. *Supra* III.A. Thus, CDCR's general objections about reliability should be denied.

## IV. Even if the United States' Reply Contains New Evidence, the Appropriate Remedy Consists of Permitting CDCR to Respond, Which the Court Has Allowed.

Should this Court deem the opinions offered by Dennis Treadway and Jillian Shane to be "new" evidence, the Court should not exclude their expert declarations, since CDCR has availed itself of the opportunity to respond and consider all available evidence. Indeed, CDCR has already provided thirty pages of responses to these submissions in its Objections. *See El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1040-41 (9th Cir. 2003); *see also Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1188 (9th Cir. 2024) (affirming district court's consideration of new evidence presented in reply brief where Defendant was given opportunity to respond orally at a hearing). In addition, CDCR has been afforded opportunities to address the points offered by Treadway and Shane via (1) its May 28, 2024 Answer, (2) both a sur-reply opposing the United States' Application and a reply in support of its Objections, and (3) oral argument during the preliminary relief hearing set for June 6, 2024. Thus, CDCR has not been disadvantaged by any evidence in the Reply that the Court may determine to be new, so objections to the Treadway and Shane Declarations should be overruled.

**CONCLUSION**

For the reasons stated above and in the accompanying appendix, the United States requests that this Court overrule Defendant's Objections and consider the expert opinions of Dennis Treadway and Jillian Shane in considering its Application for Preliminary Relief.

Dated: May 31, 2024

Respectfully submitted,

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

*/s/ Alicia D. Johnson*
KAREN WOODARD
Chief
VALERIE L. MEYER
Deputy Chief
ALICIA D. JOHNSON
SHARION SCOTT
Trial Attorneys
Employment Litigation Section
Civil Rights Division
U.S. Department of Justice

PHILLIP A. TALBERT
United States Attorney
Eastern District of California

*/s/ Robert A. Fuentes*
ROBERT A. FUENTES
Assistant United States United States

Attorneys for Applicant

**CERTIFICATE OF SERVICE**

I hereby certify that on May 31, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF System, which will send notification of such filing to all counsel of record.

*/s/ Alicia Johnson*
Alicia Johnson
Senior Trial Attorney